UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ronstadt A., | File No. 26-cv-845 (ECT/JFD) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Mercy M.

Ana H. Voss and Matthew Isihara, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Ronstadt A. is a Cameroonian citizen who resides in Brooklyn Park, Minnesota. Pet. [ECF No. 1] ¶¶ 7, 12. Ronstadt "has a pending asylum application and does not have a final order of removal." *Id.* ¶ 13. Ronstadt also has "a valid work permit." *Id.* ¶ 14. The dates on which Ronstadt entered the United States, applied for asylum, or received a work permit have not been provided, either by her or Respondents.[1] *See* Pet.;

---

[1] In their response to Ronstadt's Petition, Respondents reference a Notice to Appear dated November 23, 2024, *see* ECF No. 4 at 1, but Ronstadt's Notice to Appear has not been filed in this case, *see* Dkt.

ECF No. 4. On January 29, 2026, ICE arrested Ronstadt "when she came to Fort Snelling to complete her monthly check-in with immigration." *Id.* ¶ 15. Ronstadt's arrest was part of "Operation Metro Surge." *Id.* ¶ 16. The Petition alleges, "[o]n information and belief" that Respondents had no warrant for Ronstadt's arrest. *Id.* ¶ 52. Ronstadt is "believed to be held at the Bishop Hennry Whipple Federal Building" in Minneapolis, Minnesota. *Id.* ¶ 7, 19. Respondents do not contest any of the facts alleged in the Petition. *See* ECF No. 4 at 2.

Ronstadt challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 2. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 22–29; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Ronstadt, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 30–46. Ronstadt seeks issuance of an order directing her immediate release without conditions in the State of Minnesota, at a safe time and place communicated in advance to counsel, and with all personal effects that were in her possession at the time of her arrest; issuance of an order enjoining her transfer outside of this District during the pendency of her Petition; that this Court "[r]etain jurisdiction over this matter to decide any future motion for an award of reasonable attorney's fees and costs"; and "any other and further relief that this Court may deem just and proper." Pet. at 15–16.

Respondents argue that Ronstadt is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See* ECF No. 4 at 2–8.  This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Ronstadt has shown she has been misclassified under § 1225(b)(2) rather than § 1226(a).  As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only one federal court of appeals has ruled on the question, and it reached the same

---

[2]   To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Ronstadt's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). Ronstadt's detention falls under § 1226(a) and not § 1225(b)(2).[3]

Respondents argue that this case is distinct from others this Court has decided because Ronstadt's pursuit of asylum mandates her detention under 8 U.S.C. § 1225(b)(2). *See* ECF No. 4 at 7–8. On this thin record, and consistent with my decision in *Misael T. v. Bondi*, I conclude that Ronstadt's asylum application alone does not change the conclusion that her detention falls under § 1226. No. 26-cv-263 (ECT/EMB), 2026 WL 146510, at *2 (D. Minn. Jan. 20, 2026).

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving

---

[3] Respondents do not argue that Ronstadt is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), nor do they argue that a statutory scheme other than that raised in the Petition would apply to Ronstadt's detention. *See* ECF No. 4.

4

the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).  Here, Ronstadt alleged she was arrested without a warrant.  Pet. ¶ 52.  Respondents were ordered to include in their Answer "[w]hether the absence of a warrant preceding [Ronstadt's] arrest necessitates [Ronstadt's] immediate release."  *See* ECF No. 3 at 2.  Respondents have not produced a warrant, nor have they advanced any specific argument that Ronstadt's release is an unwarranted remedy.  *See* ECF No. 4.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."  *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

---

[4]   The resolution of this statutory-interpretation question in Ronstadt's favor makes it unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Ronstadt A.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as follows:

    a. If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable without conditions, but not later than 48 hours after entry of this Order.

    b. If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody without conditions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 2, 2026, at 4:00 p.m.       s/ Eric C. Tostrud
                                             Eric C. Tostrud
                                             United States District Court